IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kimberly A. Heeman, | ) | |
| | ) | Civil Action No. 2:13-3607-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kimberly A. Heeman ("Heeman"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 35).[1]  The magistrate judge recommends affirming the Commissioner's decision denying benefits.  Heeman timely filed objections (ECF No. 36), and the Commissioner filed a reply to those objections (ECF No. 38).

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

**I. Background**

Heeman filed an application for supplemental security income ("SSI") and DIB on March 21, 2008, alleging a disability due to lower back pain, depression, and anxiety with an onset date of August 27, 2005.  Her application was denied initially and on reconsideration. Heeman requested review by an administrative law judge ("ALJ") of only the denial of her DIB, and a hearing was held before an ALJ on October 2, 2009.  On November 6, 2009, although the ALJ found that Heeman suffered from the following severe impairments: status post lumbar fusion, depression, and anxiety, the ALJ denied Heeman's claim finding her not disabled under the SSA from the alleged onset date through June 30, 2007.

Heeman sought review of the ALJ's decision by the Appeals Council, but on October 26, 2010, the Appeals Council declined to review the ALJ's decision.  Heeman filed an action in this court seeking review.  In a report and recommendation filed on June 6, 2012, the magistrate judge recommended that the case by remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  The magistrate judge specifically stated that the ALJ should develop the record and consider the opinions of all treating sources, especially Dr. Donald Johnson.  On July 17, 2012, the court adopted the magistrate judge's report and recommendation.  Thereafter, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ.  After further developing the record and a second hearing on April 11, 2013, the ALJ issued his decision finding Heeman not disabled from the alleged onset date through the date last insured. The Appeals Council denied review on November 4, 2013, and Heeman then filed this instant action for judicial review on December 30, 2013.

On July 31, 2015, the magistrate judge filed her Report recommending that the Commissioner's decision be affirmed.  In her Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA.  Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

In her objections, Heeman contends that the Magistrate Judge erred by failing to address the ALJ's non-compliance with the court's prior remand order. (Objections at 6). She also alleges that the magistrate judge erred in finding: 1) the ALJ conducted a proper analysis of the

3

treating physicians' opinions; 2) the ALJ's credibility determination is supported by substantial evidence; 3) the ALJ complied with SSR 00-04p; and 4) the ALJ did not err in asking a hypothetical question to the Vocational Expert ("VE").  (Objections at 7-12).

As to Heeman's first objection, the court does not agree that the ALJ did not comply with the remand order. In the prior report and recommendation, which this court adopted, the magistrate judge stated that upon remand , "the ALJ should be required to fully discuss all aspects of the opinions of Dr. Donald Johnson and Dr. G. Robert Richardson, including their opinions regarding Plaintiff's need to lie down after doing chores." (R. 629). Heeman contends that the ALJ in his decision failed to discuss either doctor's opinion that Heeman needed to lie down.  Heeman notes the ALJ did mention that when Heeman testified at the first hearing, she stated that she had muscle spasms twice a week and needed to lie down to make them stop.  The magistrate judge in her Report notes that the ALJ fully considered the treating physicians' opinions (Report at 16), but Heeman states this is clearly erroneous and, moreover, because the ALJ failed to follow the directive to discuss the treating physician opinions, the magistrate judge's Report should not be adopted.  Heeman also argues that the magistrate judge erred in finding that the ALJ properly considered Dr. Johnson's bending restriction.

Specifically, Heeman contends that the ALJ failed to consider the opinion of Dr. Johnson regarding a bending restriction and the opinions of both Drs. Johnson and Richardson relating to Heeman's need to lie down after performing household or light gardening chores.  Further, Heeman contends the ALJ improperly considered only those portions of Dr. Johnson's opinions which were consistent with his RFC findings, and in essence cherry-picked the medical opinions.

When the Appeals Council returns a case to an ALJ, whether originally remanded by a court or the Appeals Council, the ALJ is required to follow 20 C.F.R. § 404.977(b). *See* 20 C.F.R. § 404.983 (providing that the procedures in 20 C.F.R. § 404.977 should be followed if the

Appeals Council returns a court-remanded case to an ALJ). *See also Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir.1986) ("If the Secretary's dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported."(citation omitted))  While the remand order directed the ALJ to specifically consider Drs. Johnson and Richardson's opinions as to Heeman's need to lie down, in reaching his decision, the ALJ was still required to base that decision on all of the record and evidence. *Mickles*, 29 F.3d at 925-926.

Upon reviewing the ALJ's decision, it is clear that the ALJ did just that and properly discussed and addressed the medical opinions of Drs. Johnson and Richardson.  (R. 563-65).  In particular, in the record are two questionnaires completed by Drs. Johnson and Richardson.  (R. 280-81; 290-92). On   June 15, 2007, Dr. Johnson indicated that it would be reasonable for Heeman to lie down after performing household or light gardening chores. (R. 280-81).  Then, on November 1, 2007, Dr. Richardson  also indicated in a questionnaire that he agreed with Dr. Johnson's opinion that Heeman would need to lie down after performing household or light gardening chores. (R. 290-92).

First, the ALJ gave little weight to Dr. Johnson's opinion set forth in the questionnaire because he found it to be inconsistent with Dr. Johnson's own treatment notes. (R. 564). The ALJ noted that while Dr. Johnson's own examinations failed to place restrictions on Heeman's physical activity beyond light work with an option to sit or stand and occasional bending, Dr. Johnson in completing the questionnaire indicated Heeman was not able to perform any work on a full-time basis.  *Id.* The ALJ then stated that Dr. Richardson, also in the form of a questionnaire, indicated that he agreed with Dr. Johnson's opinions, but he gave that opinion little weight for the same reason he gave Dr. Johnson's opinions little weight. The ALJ also noted that Dr. Richardson did not exam Heeman until August 2007.  The court agrees with the

5

magistrate judge's determination that the ALJ fully considered and discussed the opinions of Drs. Johnson and Richardson.

The ALJ in his second decision also noted that Heeman's physical therapist indicated that Heeman's trunk strength was within normal limits and she had only a minimal limitation on her range of motion. The magistrate judge noted that the ALJ limited Heeman to work with no crawling or climbing, and the VE described jobs at the sedentary level which did not require repetitive bending. Heeman contends that the magistrate judge improperly adopted the Commissioner's post hoc rationalization that sedentary jobs do no require bending.

Although a court is not to give post hoc rationalizations for agency action, the duty of a reviewing court of an ALJ's decision is to ascertain whether substantial evidence supports the ALJ's factual determination. *See* 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Attempting to offer a post hoc conclusion, however, is not analogous to the situation here, where the Commissioner is merely attempting to point to support in the record for the ALJ's finding.  Likewise, where the magistrate judge in her Report points to additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not applying a post hoc rationale.  Rather, the magistrate judge is simply noting that the substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record.  *Hodgson v. Barnhart*, C/A No. 5:05-cv-14, 2006 WL 5527016 at *4 (N.D.W.Va. Mar.27, 2006).  *See also George-Douglas v. Comm'r*, C/A No. 12-2729, 2013 WL 4242372 at *2 (D.Md. Aug.13, 2013) (holding that offering post hoc conclusion is not analogous to the Commissioner's pointing to support in the record for the ALJ's finding); *Wells v. Astrue*, C/A No. 3:10-cv-721, 2012 WL 966660 at *2-3

6

(E.D.Va. Mar.21, 2012) (noting that this type of argument "misinterprets both the Magistrate's rationale, as well as the standard for judicial review"). The magistrate judge merely was referring to evidence in the record which she determined was substantial evidence to support the AL's decision, and the court finds no error.

As to the credibility determination, Heeman contends that the ALJ chose only the evidence that supported his credibility findings while ignoring evidence to the contrary. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id*. After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ generally followed that process in this case. As the magistrate judge found, the ALJ properly relied upon inconsistencies between Heeman's testimony and objective medical evidence and her daily activities in discrediting Heeman. Heeman is essentially asking the court to read the evidence differently, which is not the role of this court. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.2001) (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency) (citation omitted). Reviewing the entire record and the ALJ's decision, the court agrees with the magistrate judge that the ALJ did not err in her credibility determination.

As to the questioning of the VE, Heeman asserts that there is a conflict between the testimony provided by the VE and the occupational information in the Dictionary of Occupational Titles ("DOT") and Selected Characteristics of Occupations Defined in the

Revised Dictionary of Occupational Titles ("SCO"), and that the ALJ erred in failing to resolve this conflict as required by SSR 00-4p. The magistrate judge recommends finding that the ALJ complied with SSR 00-4p. (Report at 21-23).

Specifically, Heeman contends that the ALJ clearly recognized the conflict between the low stress work setting and the DOT at the first hearing when he asked the VE if his testimony about the low stress setting was based upon his professional knowledge. However, the court notes that in this case, the ALJ specifically asked the VE whether a conflict existed and the VE responded that it did not (R.655), thus undermining Heeman's argument that any apparent or evident conflict existed. *See Pearson v. Colvin*, C/A No. 2:14cv88, 2014 WL 5780946, at *4 (E.D.Va.Nov.5, 2014) ("[A]lthough the ALJ does have an affirmative duty to elicit a reasonable explanation for any 'apparent unresolved conflict,' such a conflict cannot be 'apparent' if the ALJ specifically asks the VE if it exists, and the VE testifies that it does not."); *Michel v. Comm'r*, C/No. SAG-13-2311, 2014 WL 2565900, at *5 (D.Md. June 5, 2014) (holding that "the ALJ's inquiry into whether a conflict existed fulfilled his obligation pursuant to SSR 00-04p, and the ALJ was not required to further investigate whether any conflicts existed"). Further, Heeman's counsel did not bring any issues relating to the VE's testimony to the ALJ's attention during the hearing. *See Boggs v. Astrue*, C/A No. 2:12-cv-25, 2012 WL 5494566, at *7 (N.D.W.Va. Nov. 13, 2012) (find that "[t]here is no affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses and because the plaintiff did not bring the vocational expert's mistake to the ALJ's attention, the ALJ did not need to explain how the conflict was resolved."). For theses reasons, the court finds no error and adopts the magistrate judge's recommendation.

## IV. Conclusion

9

Having reviewed the record under the appropriate standards, as set out above, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. The ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

   **IT IS SO ORDERED.**


                                                    s/Timothy M. Cain
                                                    United States District Judge



September 16, 2015
Anderson, South Carolina